UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELICIA BARRON,

    Plaintiff,

v.                                          CASE NO.: 8:05-CV-1046-T-17MAP

GENERAL ELECTRIC, as Plan Administrator
of the GE Long Term Disability Plan for Salaried
Employees, and METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendants.
_____/

**ORDER**

Plaintiff, a former employee of General Electric, filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA") after General Electric ("GE"), her employer, denied her long-term disability benefits under its employee benefit plan. To prosecute her case, she sought to take deposition testimony from ten witnesses concerning issues such as the plan's delegation of discretion, insured status of the plan, what actions were taken by GE versus Metropolitan Life Insurance Company ("Met Life"), and the applicable standard of review. Defendants contend such discovery is inappropriate and field a motion for entry of a protective order (doc. 27). Defendants also moved for partial summary judgment asking the Court to determine the applicable standard of review (doc. 28). After consideration, Defendants' motion for protective order is GRANTED in part and DENIED in part and Defendant's motion for partial summary judgment is DENIED without prejudice for the reasons set forth below.

Essentially, Defendants oppose discovery because GE's plan documents clearly grant discretion to Met Life, a third party administrator or fiduciary, to determine eligibility for

benefits triggering the arbitrary and capricious standard of review and thereby limiting discovery to the administrative record.  Defendants have filed a motion for partial summary judgment asking the Court to decide the applicable standard of review for this case, and argue that until such a ruling it is premature to permit discovery outside the administrative record.  However, courts have allowed limited discovery in order to determine the appropriate standard of review in ERISA cases.  *Cerrito v. Liberty Life Assurance Co.*, 209 F.R.D. 663, 664 (M.D. Fla. 2002) citing *Farley v. Arkansas Blue Cross and Blue Shield*, 147 F.3d 774, 776, n.4 (8th Cir. 1998).  *See also Hawkins v. Arctic Slope Regional Corp.*, 344 F.Supp. 2d 1331, 1337 (M.D. Fla. 2002) ("while the standard of review, to an extent, defines the scope of discovery, some discovery may be needed to determine the standard of review").  And, although the Eleventh Circuit has yet to address the issue, several district courts within this circuit have held that limited discovery is allowed even in instances where the arbitrary and capricious standard applies.[1]  *See Rosser-Monahan v. Avon Products, Inc.*, 227 F.R.D. 695, 698 (M.D. Fla. 2004); *Lake v. Hartford Life and Accident Ins. Co.*, 218 F.R.D. 260, 261 (M.D. Fla. 2003);  *Cerrito, supra.*  The plaintiffs in these cases were allowed to conduct discovery to evaluate 1) the exact nature of the information considered by the fiduciary in making the decision; 2) whether the fiduciary was competent to evaluate the information in the administrative record; 3) how the fiduciary reached its decision;  4) whether, given the nature of the information in the record, it was incumbent upon the fiduciary to seek outside technical assistance in reaching a "fair and full review" of the claim; and 5) to determine whether a conflict of interest existed.  *See*

---

[1] The arbitrary and capricious standard, used in cases where the administrator is vested with discretion and applies its own judgment, avoids judicial second guessing and intrusion by according the most judicial deference and least judicial scrutiny to the administrator's decision. *See Williams v. BellSouth Telecommunications, Inc.*, 373 F.3d 1132, 1137 (11th Cir. 2004).

*Cerrito, supra*; *Lake, supra*; *Rosser-Monahan, supra.*

Here, the Plaintiff's proposed discovery, ten depositions in five different states, is overbroad and should be limited to the parameters set by the courts in *Cerrito*, *Lake*, and *Rosser-Monahan*. Similarly, in light of the fact that limited discovery is allowed to determine the appropriate standard of review, Defendant's motion for partial summary judgment is premature. Accordingly, it is hereby

ORDERED:

1. Defendants' motion for protective order (doc. 27) is GRANTED in part and DENIED in part.

2. Plaintiff's discovery should be limited to a deposition of the GE corporate representative about the five areas permitted by *Cerrito* described in this Order.

3. Defendant's motion for partial summary judgment (doc. 28) is DENIED as premature without prejudice.

DONE AND ORDERED in chambers at Tampa, Florida on this 7th day of April, 2006.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE